IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| RYAN POWERS | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 1:16cv259 |
| UNITED STATES OF AMERICA | § | |

ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Ryan Powers, an inmate confined within the Bureau of Prisons, proceeding *pro se*, filed the above-styled motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The court referred the matter to the Honorable Keith F. Giblin. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge recommending that the motion to vacate be denied.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Movant filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections in light of the applicable law and the record in this matter.

Movant asserted two grounds for review: (a) based on *Johnson v. United States*, 135 S.Ct. 2551 (2015), he no longer qualifies as a career offender within the meaning of § 4B1.1 of the United States Sentencing Guidelines and (b) his counsel was ineffective for failing to object to his being considered a career offender. The Magistrate Judge concluded the first ground for review was without merit because the analysis set forth in *Johnson* does not apply to defendants such as movant who were found to be career offenders. The Magistrate Judge further concluded the second ground for review was without merit because movant failed to identify a meritorious argument counsel should have raised to show movant was not a career offender.

*Objections*

Movant's objections are somewhat confusing. First, he states he was not sentenced as a career offender. Then he asserts that even if he was sentenced as a career offender, *Johnson* entitles him to relief.

Movant's objections are without merit. The record clearly demonstrates movant was sentenced as a career offender. Moreover, the Magistrate Judge correctly concluded *Johnson* does not provide movant with a basis for relief. *Johnson* applies to defendants found to be armed career criminals under the Armed Career Criminal Act, not to defendants determined to be career offenders within the meaning of § 4B1.1 of the Guidelines.

*Additional Ground for Review*

In his objections, movant asserted an additional ground for review. Movant was found to be a career offender based upon prior convictions for possessing a controlled dangerous substance with the intent to distribute and for possessing or introducing contraband into a penal institution. Movant asserts that based on *Mathis v. United States*, 136 S.Ct. 2243 (2016), and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), he should no longer be considered a career offender.

A one-year period of limitations applies to motions to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255. The limitations period begins to run from the latest of: (1) the date on which the judgment became final; (2) the date on which an impediment to filing created by unconstitutional government action was removed; (3) the date on which the United States Supreme Court initially recognized the constitutional right if the right is retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered by due diligence.

Movant's conviction became final in 2014. As the ground for review based upon *Mathis* and *Hinkle* was not asserted until movant's objections, dated August 15, 2017, were filed, this ground for review was asserted more than one year after movant's conviction became final. Movant may also assert that the period of limitations applicable to this ground for review did not begin to run until

the decisions in *Mathis* and *Hinkle* were issued. However, the decision in *Mathis* was issued on June 23, 2016, and the decision in *Hinkle* was issued on August 11, 2016. As this ground for review was not asserted until objections dated August 15, 2017, were filed, this ground for review was not asserted until more than one year after *Mathis* and *Hinkle* were issued. Consideration of this ground for review is therefore barred by the applicable statute of limitations.

ORDER

Accordingly, the objections are **OVERRULED**. The proposed findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. The grounds for review considered in the Report and Recommendation are without merit. In addition, the additional ground for review asserted in movant's objections is barred by the applicable statute of limitations. As a result, a final judgment will be entered denying this motion to vacate, set aside or correct sentence.

In addition, the movant is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. *See* U.S.C. § 2253. The standard for granting a certificate of appealability requires a movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84; *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the movant need not establish he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the movant. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the movant has not shown that the merits of the grounds for review considered in the Report and Recommendation are subject to debate among jurists of reason. Nor is the issue of whether movant's additional ground for review is barred by the applicable statute of limitations

subject to debate. In addition, the questions raised by movant are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not be issued.

**So Ordered and Signed**
**Sep 27, 2019**

_____
Ron Clark, Senior District Judge